UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TINA SCOGGINS                                                                                          PLAINTIFF

v.                                                                        CIVIL ACTION NO. 3:05CV-228-S

BROADSPIRE SERVICES, INC.                                                                    DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, Broadspire Services, Inc., to dismiss the action against it on the ground that it is not a proper party to the action. The plaintiff, Tina Scoggins, alleges that the provisions of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA") were violated when her long term disability ("LTD") benefits were terminated.

Tina Scoggins was an employee of United Parcel Service ("UPS"). She was eligible for certain coverages, including short- and long-term disability coverage, under the UPS Flexible Benefits Plan ("the Plan"). The parties agree that the Plan is an employee benefit plan under ERISA.

Scoggins filed a claim for LTD benefits due to various medical conditions. She was awarded and received benefits for twenty-four months. After twenty-four months, her claim was automatically reviewed by Broadspire, as required by the Plan. Summary Plan Description ("SPD"), p. 96. Broadspire determined that she no longer met the definition of disability under the Plan provisions. Broadspire notified her by letter that LTD benefits would cease on April 1, 2004. The letter was delivered to her home on March 19, 2004.

Scoggins sent letters seeking review by Broadspire of the decision (such a review is termed a "1st Level Appeal" under the Plan). She also sought review by UPS (a "2nd Level Appeal"). Broadspire denied her 1st Level Appeal as untimely. In response to her series of letters, Broadspire repeatedly informed Scoggins of the reason for the denial of the 1st Level Appeal. She was informed that her failure to submit a timely 1st Level Appeal also precluded UPS' consideration of the termination of her benefits on a 2nd Level Appeal. Scoggins then sent a letter directly to UPS[1] requesting that it consider her appeal of Broadspire's determination that her 1st Level Appeal was untimely. UPS denied this 2nd Level Appeal by letter dated December 29, 2004. UPS treated Scoggins' appeal as a request for a waiver of the time limitation for the filing of a 1st Level Appeal. *Id.* UPS indicated that it "must adhere to the Plan Guidelines." After review of the record, UPS concluded, as had Broadspire, that the 1st Level Appeal was untimely, and therefore review had been properly denied.

The December 2004 letter from UPS notified Scoggins of her right to file a civil action under ERISA. She filed an action against Broadspire in the Jefferson County, Kentucky, Circuit Court, Division Nine, on March 30, 2005. It was removed to this court under our federal question jurisdiction and is the case presently before us. In this action, she challenges both the termination of her LTD benefits and the denial of her appeals of that decision.

The question presented in the motion we now address is whether Broadspire is a proper party to this action. UPS was not named as a party. Scoggins has filed a motion for leave to amend the complaint to name UPS as an additional defendant. Broadspire has objected to the motion, although

---

[1] The Plan directed claimants to submit 2nd Level Appeals to UPS' Claims Review Committee in Atlanta, Georgia.

its standing to assert such an objection is in issue. The motion for leave to amend is also under advisement.

Broadspire asserts that it was responsible for performing only ministerial or administrative tasks in connection with the Plan, and therefore it cannot be held liable under ERISA as a plan administrator or fiduciary. Broadspire directs the court to the SPD, stating that the language of the Plan clearly reserves to UPS all control and discretion. The SPD provides:

> United Parcel Service, as Plan Administrator, shall have the exclusive right and discretion to interpret the terms and conditions of the Plan, and to decide all matters arising in its administration and operation, including questions of fact and issues pertaining to eligibility for, and the amount of, benefits to be paid by the Plan...The Plan Administrator may delegate certain discretionary authority to one or more committees.
>
> ...The Plan Administrator is United Parcel Service, which is authorized to delegate its administrative duties to one or more individuals or committees within UPS, or to one or more outside administrative service providers. Presently, certain administrative services with regard to the processing of claims and the payment of benefits are provided under contract as follows:
>
> ...Short- and long-term disability are administered by:
>
> Broadspire National Services...

SPD, Plan Administration and ERISA Information, pp. 106-07.

The Plan language expressly retaining to UPS the exclusive right and discretion to interpret and administer the Plan is clear, but this express intention is not necessarily determinative of the question as to who is the proper party to this ERISA action. *See, IT Corp. v. General Am. Life Ins. Co.*, 107 F.3d 1415, 1421 (9th Cir. 1997)(limiting language in a contract between company and its third-party administrator does not override third-party administrator's functional status).

The United States Court of Appeals for the Sixth Circuit has noted that "[D]iscretion is *not* an all-or-nothing proposition. A plan can give an administrator discretion with respect to some decisions but not others." *Anderson v. Great West Life Assurance Company*, 942 F.2d 392 (6th Cir. 1991). Broadspire has been delegated the tasks of determining entitlement to benefits under the Plan and considering 1st Level Appeals.

With respect to the evaluation of claims, the SPD references this delegation of responsibility to Broadspire:

### Long-Term Disability

...**Who Qualifies for LTD Benefits?**

For the first 24 months of disability under LTD, you are considered disabled *if Broadspire determines that you:*

are unable to perform the material and substantial duties of your regular occupation due to illness or accidental injury

After 24 months of payments, you will be considered disabled *if Broadspire determines that you:*

are unable to perform the material duties of any gainful occupation for which you are reasonably qualified based on your education, training or experience...

During the first 24 months of disability under LTD, *if Broadspire and the Company determine* that you can return to work for the Company under a residual disability program, and you fail to do so, your LTD benefit payments will be offset...

**How to File a Claim**

*Your Broadspire case manager for STD will automatically review your case for LTD eligibility...*

SPD, pp. 93-96 (emphasis added).

In connection with appeals, the SPD explains that certain types of claims, such as claims for LTD benefits, follow an appeal track on which UPS accepts and makes the final (ie. 2nd Level Appeal) determination:

### If your Claim is Denied

If your claim for benefits under the Plan is denied, you may have it reviewed in accordance with the following claims review procedures. The procedures will vary depending on the type of benefit claim it is.

### Denial of Insured Claims

Certain benefits offered under the Plan are provided through an insurance contract issued to UPS by an insurance carrier. In this case, the insurance carrier is the applicable claims fiduciary with respect to claims for benefits provided under the insurance contract. This means that neither the Company nor UPS has any discretionary authority with respect to benefit claims that are insured by an insurance carrier. ...The Fiduciary Chart below identifies which claims should be submitted to the insurance carrier.

### Denial of Other Claims

If the denied claim is one for which the UPS Claims Review Committee (the Committee) makes the final decision (see chart below), the following claims review procedures apply...

SPD, p. 97.

The Fiduciary Chart directs the claimant to file 2nd Level Appeals regarding claims for LTD benefits with UPS. Thus the SPD confirms that UPS, rather than Broadspire, makes the final determination concerning entitlement to this type of benefit. The steps to be taken in seeking appeal are, in pertinent part:

...Step 3: If you disagree with the decision [regarding your claim for benefits], file a 1st Level Appeal with the claims administrator...

> Step 6: If you still disagree with the claims administrator's decision, file a 2nd Level Appeal with the Committee...
>
> On each level of appeal, the claims reviewer will review relevant information that you submit even if it is new information...If a claim involves medical judgment, then the claims administrator and the Claims Review Committee will consult with an independent health care professional...You cannot file suit in federal court until you have exhausted these appeals procedures.

SPD, pp. 97-99.

UPS is not only the named Plan Administrator, but it specifically retained the power to interpret the provisions of the Plan and to decide all matters arising in its administration and operation. Scoggins does not dispute this assertion. Rather, she contends that Broadspire was a fiduciary under the Plan inasmuch as it reviewed claims and determined entitlement to benefits.

> The term "fiduciary" not only includes persons specifically named as fiduciaries by a benefit plan, "but also anyone else who exercise discretionary control or authority over the plan's management, administration, or assets."

*Michigan Affiliated Healthcare System, Inc. v. CC Systems Corporation of Michigan*, 139 F.3d 546, 549 (6th Cir. 1998), *quoting, Mertens v. Hewitt Assocs.,* 508 U.S. 248, 251, 113 S.Ct. 2063, 2066, 124 L.Ed.2d 161 (1993).

Broadspire contends that it had no discretion, as UPS made the final decision on disputed claims at the second level of review. We agree. While UPS did not review the merits of the decision to terminate Scoggins' benefits, it did finalize Broadspire's termination decision by finding that Scoggins' appeal was untimely and that the decision was unreviewable. UPS determined as a matter of fact that Scoggins had not filed a timely appeal. UPS determined as a matter of Plan interpretation that the time bar precluding Scoggins' appeal could not be waived. The decision to deny the appeal as untimely was therefore a final and discretionary determination of the claim by UPS.

The structure of the appeals process under the Plan is such that the final determination as to any denial of benefits is reserved to UPS. UPS made a final decision as to Scoggins' claim, despite the fact that it did not conduct a merits review of the decision to terminate her benefits. It is incorrect, therefore, to focus on the decisions of Broadspire. The Plan provides that "[y]ou cannot file suit in federal court until you have exhausted these appeals procedures." SPD, p. 99. This provision operates to preclude judicial review until UPS renders a final decision on disputed claims. UPS has thus retained to itself final discretion in deciding claims for LTD benefits. As stated in the SPD, "United Parcel Service...shall have the exclusive right and discretion to interpret the terms and conditions of the Plan...including questions of fact and issues pertaining to eligibility for, and the amount of, benefits to be paid by the Plan..." SPD, p. 106.

Scoggins urges, without citation of authority, that "Broadspire is...the *de facto* Plan Administrator." She contends that Broadspire is a proper defendant because it described itself as the Claims Administrator and made various claims and appeals determinations. Scoggins contends that Broadspire therefore exercised discretion in terminating her benefits and denying her 1st Level Appeal as untimely.

Scoggins has failed to address the provision placing 2nd Level Appeals in the hands of UPS. In fact, Scoggins did file and obtain 2nd Level review by UPS. In accordance with the Plan, Scoggins filed with UPS directly, challenging Broadspire's denial of her 1st Level Appeal (Scoggins Letter dated 11/26/04). Scoggins has not shown that Broadspire had any discretionary authority to terminate her benefits, as any decision was subject to final review by UPS. Broadspire processed and paid claims in accordance with the terms of the Plan. Broadspire did not exercise any discretionary authority over Scoggins' claim, as the final decision to terminate her benefits was

made by UPS. *Briscoe v. Fine*, __ F.3d __, 2006 WL 947189, *7-*9 (6th Cir. April 13, 2006) and cases cited therein; *See also*, *Daniel v. Eaton Corp.*, 839 F.2d 263 (6th Cir.), *cert. denied*, 488 U.S. 826, 109 S.Ct. 76, 102 L.Ed.2d 52 (1988). Thus Broadspire has not been shown to be a fiduciary under the Plan.

For the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, Broadspire Services, Inc., to dismiss (DN 10) is **GRANTED** Broadspire Services, Inc. has not been shown to be a proper party to the action. The action is **DISMISSED** as to Broadspire Services, Inc.

**IT IS SO ORDERED.**