UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TINA SCOGGINS                                                                                         PLAINTIFF

v.                                                                          CIVIL ACTION NO. 3:05CV-228-S

UNITED PARCEL SERVICE, INC.                                                                DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, United Parcel Service, Inc. ("UPS"), to dismiss the amended complaint in which the plaintiff, Tina Scoggins, alleges wrongful denial of benefits under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA") (DN 20). Also pending are UPS' motion for leave to substitute the correct Summary Plan Description ("SPD")(DN 22) and Scoggins' motion to strike a portion of UPS' motion to dismiss (DN 23).

Tina Scoggins was an employee of United Parcel Service ("UPS"). She was eligible for certain coverages, including short- and long-term disability coverage, under the UPS Flexible Benefits Plan ("the Plan"). The parties agree that the Plan is an employee benefit plan under ERISA.

Scoggins filed a claim for long term disability ("LTD") benefits due to various medical conditions. She was awarded and received these benefits for twenty-four months. After twenty-four months, her claim was automatically reviewed by Broadspire, the administrative service provider, as required by the Plan. Summary Plan Description ("SPD"), p. 94. Broadspire determined that she no longer met the definition of disability under the Plan provisions. Broadspire notified her by letter that LTD benefits would cease on April 1, 2004. The letter was delivered to her home on March 19, 2004.

- 2 -

Scoggins sent letters seeking review by Broadspire of the decision (such a review is termed a "1st Level Appeal" under the Plan). She also sought review by UPS (a "2nd Level Appeal"). Broadspire denied her 1st Level Appeal as untimely. In response to her series of letters, Broadspire repeatedly informed Scoggins of the reason for the denial of the 1st Level Appeal. She was informed that her failure to submit a timely 1st Level Appeal also precluded UPS' consideration of the termination of her benefits on a 2nd Level Appeal. Scoggins then sent a letter directly to UPS[1] requesting that it consider her appeal of Broadspire's determination that her 1st Level Appeal was untimely. UPS denied this 2nd Level Appeal by letter dated December 29, 2004. UPS treated Scoggins' appeal as a request for a waiver of the time limitation for the filing of a 1st Level Appeal. *Id.* UPS indicated that it "must adhere to the Plan Guidelines." After review of the record, UPS concluded, as had Broadspire, that the 1st Level Appeal was untimely, and therefore review had been properly denied.

The December 2004 letter from UPS notified Scoggins of her right to file a civil action under ERISA. She filed an action against Broadspire in the Jefferson County, Kentucky, Circuit Court, Division Nine, on March 30, 2005. It was removed to this court under our federal question jurisdiction and is the case presently before us. In this action, she challenges both the termination of her LTD benefits and the denial of her appeals of that decision.

Scoggins initially filed suit in state court against Broadspire Services, Inc. It was determined by this court that Broadspire was not a proper party and was dismissed from the action. Scoggins was granted leave to amend her complaint to add UPS as a defendant. In her amended complaint Scoggins again alleges that her long-term disability benefits were wrongfully terminated and that UPS wrongfully refused to consider her appeal of the decision to terminate them. UPS has moved to dismiss the complaint on the ground that the claims against it are time-barred by the six-month

---

[1] The Plan directed claimants to submit 2nd Level Appeals to UPS' Claims Review Committee in Atlanta, Georgia.

limitation contained in the Plan for the filing of any legal action. It further urges, on the merits of the claim, that the decision of UPS to deny review of the termination decision was not arbitrary and capricious.

Scoggins moved to strike the portion of UPS' motion to dismiss which asserts that the claims against it are time-barred. Her ground for the motion is that the SPD of record does not contain a six-month limitation. Believing that it had filed the wrong SPD (the 2002 version instead of the 2004 version which was in force at the pertinent time), UPS moved to substitute the correct SPD and objected to the motion to strike. The affidavit submitted by UPS states that the 2004 version of the Plan was in force at the time of the decision to terminate Scoggins' benefits.

Scoggins has not articulated a valid reason for precluding the substitution of the correct document herein. She urges that UPS should be estopped from relying on the 2004 SPD, as it was just lately filed, over one year after the commencement of the case. However, Scoggins does not contend that any erroneous filing by UPS was anything but inadvertent. The motion for leave to file the correct SPD will therefore be granted and the motion of Scoggins to strike will be denied.

We note that Broadspire filed the administrative record in August, 2005. The 2004 SPD immediately follows the 2002 SPD in the packet of documents it submitted. It appears therefore that the preceding motions were, in fact, unnecessary.

Scoggins urges that the six-month limitation for filing legal actions is unreasonable and should not be enforced.

In *Northlake Regional Medical Center v. Waffle House System Employee Benefit Plan*, 160 F.3d 1301 (11th Cir. 1998), a case cited by the Sixth Circuit,[2] the court noted that contractual limitations periods are enforceable, regardless of state law, if they are reasonable. *Id.* at 1303. The court held the 90-day limitation in issue to be reasonable, finding that (1) there was no evidence that

---

[2]*See, Clark v. NBD Bank, N.A.*, 3 Fed.Appx. 500, 2001 WL 180971 (6th Cir. Feb. 15, 2001).

the 90-day provision was a subterfuge to prevent lawsuits, (2) the provision was commensurate with other plan provisions designed to process claims with dispatch, and (3) the 90-day period did not begin to run until after the completion of the administrative process. *Id*. at 1304. The court noted that the district court in a civil action reviews the administrative decision only for abuse of discretion, and therefore most or all of the investigation and evidence-gathering will have been completed prior to the time period in which to decide whether to file suit. *Id*.

Scoggins contends without citation to record evidence or legal authority that a six-month deadline for a disabled person to seek judicial review of an adverse benefit decision is, on its face, unreasonable. The court concludes otherwise. A six-month limitation commencing at a time after the completion of the administrative appeals process appears reasonable in light of the factors outlined above. The record was developed and reviewed during the administrative proceedings. There is no evidence that the six-month provision was intended to disadvantage claimants in the process. Rather it provides a means of ensuring adequate review and closure of such matters. Nothing has been offered to support the broad-sweeping statement that such a six-month limitation is patently unreasonable for disabled individuals. The court find the argument to be without merit.

Motions having been made and for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that

1. The motion of the defendant, United Parcel Service, Inc., for leave to file the correct summary plan description (DN 22) is **GRANTED**, and the tendered document is ordered **FILED**.

2. The motion of the plaintiff, Tina Scoggins, to strike (DN 23) is **DENIED**.

3. The motion of the defendant, United Parcel Service, Inc., to dismiss (DN 20) is **GRANTED** and the amended complaint is **DISMISSED WITH PREJUDICE.**

There being no just reason for delay in its entry, this is a final order.

**IT IS SO ORDERED.**